FULENWIDER v. KING.   (No. 7627.)

(Court of Civil Appeals of Texas.   San Antonio.   Nov. 10, 1926.   Rehearing Denied Dec. 15, 1926.)

Venue ⊕⇒7—Venue of action on contract for purchase of hay held properly laid in county where delivery and payment were to be made.

Venue of action, for breach of written contract for the purchase and sale of hay, held properly laid in county where hay was to be delivered and paid for, and overruling of defendant's plea of privilege to be sued at his place of residence was not error.

Appeal from Bexar County Court for Civil Cases; McCollom Burnett, Judge.

Action by Douglass W. King against Robert Fulenwider on breach of a written account. From a judgment for plaintiff, defendant appeals. Affirmed.

Ditzler H. Jones, of Uvalde, for appellant.
Wurzbach, Stone & Mueller, of San Antonio, for appellee.

COBBS, J. Appellee sued appellant, a resident of Uvalde county, in the county court of Bexar county, on a breach of a written account; the "contract being one in which the defendant, Robert Fulenwider,' sold to the plaintiff one car of good, sound, sweet, number 1 or better cane hay, which the plaintiff agreed to handle to the best advantage, said contract to be performed in San Antonio, Tex., * * * that he has been damaged by defendant's breach of said contract" in the sum of $148.83. The particulars in which the breach occurred are not stated.

The appellant, Robert Fulenwider, duly filed his plea of personal privilege demanding his right to be sued in Uvalde county, the place of his residence. The appellee filed a counter affidavit, claiming that the cause was properly filed in Bexar county upon a written contract, where the venue existed.

On a hearing of the issues so raised, the court held that the venue was in Bexar county and overruled the plea of privilege. Upon an examination of all the facts, we hold they support the judgment of the court as to venue. The authorities are so plain in support of the court's ruling we shall not discuss them.

Appellee purchased from appellant certain good, sound, sweet hay which was to be shipped to San Antonio and to be paid for by draft at the Alamo National Bank in San Antonio, Tex. Appellant drew his draft on appellee for $142.87 and attached an invoice for one bale of hay, which was paid by appellee.

As to whether there was a breach of the contract in the failure to ship the quantity or quality of the hay is not important here now to decide, since all the hay in question was purchased under one and the same contract, and the question of law, to be determined on the facts found by the court to sustain the venue, was correctly decided.

Seeing no error in the ruling, we affirm the judgment of the trial court.